PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE ANGEL CASTILLO, | ) | |
| | ) | CASE NO. 4:14CV0014 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORRECTIONAL CORPORATION OF AMERICA, *etc.*, *et al.*, | ) ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Jose Angel Castillo filed this *Bivens*[1] action against Defendants Correction[s] Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC") Warden Michael [Pugh], and NEOCC. Plaintiff is incarcerated at NEOCC, a prison owned and operated by CCA. He alleges Defendants negligently transported him in 2013. Plaintiff seeks one million dollars in damages.

**I. Background**

On or about April 9, 2013, Plaintiff was traveling as a passenger en route to the hospital in a NEOCC Prisoner Transportation Vehicle (PTV). The PTV collided with another vehicle causing Plaintiff to suffer injuries to his back and legs. Plaintiff alleges he still suffers pain from

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). While Plaintiff cites 42 U.S.C. § 1983, that section is inapplicable, as there is no allegation of action under color of state law. Plaintiff is a federal prisoner in the custody of the Bureau of Prisons ("BOP"). *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

(4:14CV0014)

the injuries which have impeded his ability to lead a normal life. He now requires the assistance of a cane to walk. Complaint (ECF No. 1) at PageID #: 2.

Plaintiff alleges NEOCC employees were negligent while acting within the scope of their employment. Moreover, Plaintiff claims Defendants breached a duty of care owed to him. This resulted in Plaintiff receiving less than the "standard of attention" required by law to transport a prisoner. ECF No. 1 at PageID #:3.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## III. Failure to State a Claim

Under the *Bivens* doctrine, a plaintiff may allege a claim based on an injury of his constitutional rights by a federal employee. *See* Bivens, 403 U.S. at 397. *Bivens* actions are

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

(4:14CV0014)

judicially created damages remedies against an individual for violation of a constitutional right. *See* id. at 392; *see also* Davis v. Passman, 442 U.S. 228 (1979) (authorizing the extension of *Bivens* claims and damages to Fifth Amendment violations). The purpose of *Bivens* is to deter individual federal officers, not agencies, from committing constitutional violations. Correctional Services Corp. v. Malesko, 534 U.S. 61, 70 (2001). Therefore, a *Bivens* action cannot be brought against an entity such as a federal prison, the BOP or the United States government. Id.

Plaintiff's claims against CCA and NEOCC fail to state claims upon which relief may be granted. CCA is a private corporation that owns and operates NEOCC. The Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. Id. at 70-74 (pointing out that when a prisoner in a BOP facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer). Moreover, because federal prisoners in private facilities enjoy a parallel tort remedy that is unavailable to prisoners housed in Government facilities, Plaintiff's alternative remedies are at least as great, and in many respects greater, than anything he could pursue under *Bivens*.

Plaintiff also has no cause of action under *Bivens* against Warden Pugh. The Supreme Court has further declined to extend *Bivens* to a private prison's employees under certain circumstances. Minneci v. Pollard, ___ U.S. ___,132 S.Ct. 617 (2012). Federal prisoners seeking damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving negligence at issue here), must seek a remedy under state tort law. A

3

(4:14CV0014)

*Bivens* remedy cannot be implied. *Id.* at 626. Thus, although Plaintiff may have a remedy under state tort law for the conduct alleged in the Complaint (ECF No. 1), he has not stated a cause of action under *Bivens* against CCA, the warden or NEOCC.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]


IT IS SO ORDERED.


| | |
|---|---|
| October 31, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] 28 U.S.C. § 1915(a)(3) provides

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

4